Electronically Filed on November 15, 2010

## IN THE UNITED STATES COURT OF FEDERAL CLAIMS
### *Bid Protest*

| | |
|---|---|
| GOOGLE, INC, ) | |
| ) | |
| and ) | |
| ) | |
| ONIX NETWORKING CORPORATION, ) | Case No. 10-743C |
| ) | |
| Plaintiffs, ) | Judge Susan G. Braden |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## SOFTCHOICE CORPORATION'S UNOPPOSED MOTION TO INTERVENE

Pursuant to Rule 24(a) of the Rules of the United States Court of Federal Claims

("RCFC"), Softchoice Corporation ("Softchoice"), by its undersigned counsel, respectfully

moves to intervene in the above-captioned protest. This motion is unopposed.[1]  As discussed

below, Softchoice is entitled to intervene as a matter of right in accordance with RCFC 24(a).

Alternatively, Softchoice should be permitted to intervene under RCFC 24(b).

### BACKGROUND

This matter is a pre-award bid protest filed by Plaintiffs Google, Inc. and Onix

Networking Corporation (collectively, "Plaintiffs"), regarding Request for Quotation No. 503786

(the "RFQ"), issued by the Department of the Interior ("DOI"), for the acquisition of hosted

messaging and collaboration services to support approximately 88,000 users across all DOI

---

[1]   Earlier today, undersigned counsel spoke with counsel for Plaintiffs and counsel for the
Government. Both indicated that they would not oppose this motion to intervene. In addition,
both agreed to waive the two business day waiting period in ¶ 6 of the protective order to enable
counsel for Softchoice access to the administrative record immediately upon intervention.

bureaus and offices.  The RFQ solicits quotes for the purpose of DOI's award of a single, firm-fixed-price Blanket Purchase Agreement to a General Services Administration ("GSA") Federal Supply Schedule 70 contract holder.  Under the RFQ, the procurement would have a stated budget ceiling of $59.3 million over the five-year contract term.

Plaintiffs protest DOI's decision to limit competition for DOI's requirements to resellers of the Microsoft Business Productivity Online Suite — Federal ("BPOS-Federal") solution.  Plaintiffs allege that DOI has established requirements that exceed the agency's minimum needs in order to justify its decision to standardize on a BPOS-Federal solution and exclude other products from consideration.  Plaintiffs also allege that the BPOS-Federal product is an "unproven" solution that fails to satisfy the RFQ's requirements.  Plaintiffs filed this protest with the Court on October 29, 2010, forty-six days after the close of bidding under the RFQ.

Softchoice is a technology solutions and services company that manages the technology needs of more than 15,000 corporate and public sector organizations across the United States and Canada.  Softchoice is a GSA Schedule 70 contractor, and an authorized reseller of Microsoft products, including BPOS-Federal.  On September 13, 2010, Softchoice submitted a timely quotation to DOI in response to the RFQ.  Softchoice's quotation proposed a comprehensive solution to meet DOI's messaging and collaboration services requirements using the BPOS-Federal product.

## ARGUMENT

### A.    Softchoice Is Entitled To Intervene As A Matter Of Right.

Softchoice is entitled to intervene as a matter of right as an actual offeror whose interests will be substantially affected by the outcome of this bid protest.  RCFC 24(a) requires the Court to permit "[o]n timely motion, . . . anyone to intervene who: . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that

disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The U.S. Court of Appeals for the Federal Circuit (the "Federal Circuit") has held that "the requirements for intervention are to be construed in favor of intervention." *Am. Mar. Transp., Inc.* v. *United States*, 870 F.2d 1559, 1561 (Fed. Cir. 1989). Softchoice satisfies each of the elements for intervention as a matter of right in this protest, and thus intervention under RCFC 24(a) is proper. *See Mgmt. Solutions & Sys., Inc.* v. *United States*, 75 Fed. Cl. 820, 826-27 (2007) (finding standing to intervene under the elements of RCFC 24(a)).

### 1. Softchoice's Motion To Intervene Is Timely.

The Federal Circuit has identified three factors to be considered in determining whether an intervention is timely: (1) the length of time during which the would-be intervenor knew or should have known of its rights; (2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenor by denying intervention; and (3) existence of unusual circumstances militating either for or against a determination that the application is timely. *See Belton Indus., Inc.* v. *United States*, 6 F.3d 756, 762 (Fed. Cir. 1993).

Softchoice seeks to intervene in this case approximately one week after the Government's filing of the administrative record, and prior to any briefing on the allegations raised in the Plaintiffs' complaint or their motion for preliminary injunction. Under these circumstances, Softchoice's intervention will pose no prejudice to Plaintiffs or the Government. If permitted to intervene in this action, Softchoice will strictly adhere to the established briefing schedule and will not seek to delay or otherwise interfere with the prompt resolution of this matter. Moreover, Softchoice is aware of no unusual circumstances in this matter that would

militate against intervention by Softchoice.   Accordingly, the Court should determine that Softchoice's motion is timely.

2.       **Softchoice Has A Direct Interest In This Action, And Its Disposition May Impair Or Impede Softchoice's Ability To Protect That Interest.**

RCFC 24(a)(2) requires that a putative intervenor establish that its interests relate to property or a transaction that is the subject of the proceeding and that its interests are so situated that the disposition of the action may as a practical matter impair or impede the putative intervenor's ability to protect that interest.  As a company that is actively seeking to be awarded a contract to serve DOI's requirements with a BPOS-Federal solution, Softchoice has a direct and substantial economic interest in the disposition of this action, and these interests would be significantly impaired if the relief sought by the Plaintiffs in this action were granted.  *See* RCFC App. C, ¶ V.12 (contemplating intervention in bid protest cases by the party in whose favor the challenged agency action was rendered); *see also Greenleaf Const. Co., Inc.* v. *United States*, 67 Fed. Cl. 350 (2005) (prospective contract awardee allowed to intervene in pre-award protest); *Pikes Peak Family Housing, LLC* v. *United States*, 40 Fed. Cl. 673, 675 (1998) (competing bidder allowed to intervene as defendant in pre-award protest).

This protest seeks to reverse DOI's decision to standardize its messaging and collaboration services requirements on a BPOS-Federal solution.  Softchoice has a substantial interest in defending that decision.  Moreover, as reseller of BPOS-Federal and other Microsoft products, Softchoice has a substantial interest in refuting Plaintiffs' baseless allegations concerning the technical and security capability of BPOS-Federal.

Plaintiffs' complaint seeks to enjoin DOI from proceeding with the RFQ as well as any other activity "that furthers or facilitates the implementation of the Microsoft BPOS-Federal solution at DOI."  Compl. at 20.  If the Court were to enjoin the solicitation, the DOI

procurement would be further delayed while the agency reassessed its requirements and the technical feasibility of opening competition to a non-BPOS-Federal solution.  As Plaintiffs' complaint makes clear, the agency's initial assessment of the need for a secure federal-government-only messaging solution required several months of study.  Softchoice, in consultation with Microsoft, has devoted resources to developing a comprehensive solution to meet DOI's requirements for this significant contract, and Softchoice's financial interests will be harmed by any further delay of this procurement.  Finally, BPOS-Federal is the only product capable of meeting the agency's specified requirements for secure messaging and collaboration services; a competition not limited to DOI's requirements will be detrimental to Softchoice's economic interest in competing for a contract to satisfy DOI's requirements.

> **3.      The Other Parties In This Litigation Cannot Adequately Represent Softchoice's Interests.**

Finally, no other party shares or adequately can represent Softchoice's interest in this protest.   As this Court has noted, "[t]he burden of demonstrating inadequacy of representation is not heavy: according to the Supreme Court, this requirement 'is satisfied if the applicant shows that representation of his interest 'may be' inadequate; and the burden of making that showing should be treated as minimal.'"  *Klamath Irr. Dist.* v. *United States*, 64 Fed. Cl. 328, 336 (2005) (quoting *Trbovich* v. *United Mine Workers of Am.*, 404 U.S. 528, 538 n.10 (1972)).   Furthermore, when the party that would be expected to represent the intervenor's interests is a government body or officer, there is no presumption that this representation will be adequate, unless the body or officer is charged by law with representing the interests of the intervenor.  *See Natural Res. Def. Council* v. *E.P.A.*, 99 F.R.D. 607, 610 n.5 (D.D.C. 1983); *see also Dimond* v. *District of Columbia*, 792 F.2d 179, 192 (D.C. Cir. 1986).

First, there should be little doubt that Plaintiffs will not adequately represent Softchoice's interest in this matter.  Although the Government will presumably defend this bid protest in a zealous manner, Softchoice, in conjunction with Microsoft, is in the best position to describe the harm to it, and to refute Plaintiffs' baseless attacks on the technical and security capability of BPOS-Federal.  The decision-making process of DOI is at issue in this matter; however, DOI's decision hinged on the technical and security capabilities of BPOS-Federal.

Moreover, Softchoice's business interests as an actual bidder for the Blanket Purchase Agreement and a reseller of BPOS-Federal and other Microsoft products may overlap with but also differ from the Government's institutional interests in this matter.  *See Costal Int'l Sec., Inc* v. *United States*, 93 Fed. Cl. 502, 526 (2010) (recognizing that the Government could represent the intervenor's interest in a bid protest involving a NASA procurement, in part, because the Government "has the responsibility to represent only NASA's interest"); *CHE Consulting, Inc.* v. *United States*, 71 Fed. Cl. 634 (2006) (subcontractor was entitled to intervene in pre-award bid protest because there was a likelihood that its interest might not be adequately protected by the Government).  As this Court has observed in similar protest circumstances, the Government "could, at any point in the proceedings, take a position or action that conflicts with [Softchoice's] interests." *Mgmt. Solutions & Sys.*, 75 Fed. Cl. at 827.

**B.    In The Alternative, Softchoice Should Be Permitted to Intervene.**

Alternatively, Softchoice should be permitted to intervene in accordance with RCFC 24(b) because Softchoice's claims and defenses regarding DOI's decision to standardize its messaging and collaboration services requirements on a BPOS-Federal solution have questions of law or fact in common with the issues presented in this matter.  *See* RCFC 24 (b)(1) ("On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main

action a common question of law or fact.").  Accordingly, if the Court deems that RCFC 24(a) does not entitle Softchoice to intervene as a matter of right, Softchoice respectfully urges the Court to grant it permissive intervention.  *See CHE Consulting*, 71 Fed. Cl. 634 (permitting an original equipment manufacturer to intervene in a pre-award protest challenging a solicitation provision requiring that maintenance work be performed by the original equipment manufacturer).

WHEREFORE, Softchoice respectfully requests that this Court grant this unopposed motion to intervene in this matter.  Softchoice's counsel has reviewed the protective order in this matter, and will file with the Court completed applications for access under the protective order.

Respectfully submitted,

s/ Steven J. Rosenbaum
Steven J. Rosenbaum
*Counsel of Record*
Alan A. Pemberton
Sarah L. Wilson
Scott A. Freling
COVINGTON & BURLING LLP
1201 Pennsylvania Avenue, N.W.
Washington, D.C.  20004
Tel:  (202) 662-5568
Fax:  (202) 778-5568
srosenbaum@cov.com

William A. Shook
SHOOK DORAN KOEHL LLP
643 E Street, N.E.
Washington, D.C.  20002
Tel:  (202) 583-0008
Fax:  (202) 280-1097
bill.shook@sdklaw.net

November 15, 2010                    *Counsel for Softchoice Corporation*